**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| DAKOTA KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>MARK E. SPITZER,<br><br>Defendant. | CAUSE NO. 1:26-CV-550-TLS-JEM |

**OPINION AND ORDER**

Dakota J. Kennedy, a prisoner without a lawyer, filed an amended complaint alleging that "Judge Mark E. Spitzer still has continued to violate [his] due process by allowing deputy prosecutor Bryce Winslew to hold [his] Exhibits 1–10 of [his] motion for Discovery.“ ECF 1 at 2. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Regardless of the alleged violations that Kennedy's due process rights were violated, ruling that a deputy

prosecutor may hold Kennedy's exhibits filed with his discovery motion is within the scope of a judge's jurisdiction. Nothing in Kennedy's complaint suggests that Judge Spitzer's allegedly wrongful conduct occurred outside the course of his duties as a judge. He therefore has judicial immunity.

It is legally frivolous to sue a judge who has judicial immunity. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because it is frivolous.

SO ORDERED on November 2, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT